IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID WILLIAM ENGSTROM
ADC #159812                                                                                  PLAINTIFF

V.                              CASE NO. 4:15-CV-00236 JLH/BD

DOC HOLLADAY, et al.                                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.    Discussion**

Plaintiff David William Engstrom, an inmate in the Pulaski County Detention Facility, filed this case *pro se* under 42 U.S.C. § 1983, and is now proceeding *in forma pauperis* ("IFP").  (Docket entries #2, #5)  In his original complaint, Mr. Engstrom named Sheriff Holladay as the sole Defendant and sued the Sheriff in his official capacity only.  Because Sheriff Holladay is an employee of Pulaski County, Arkansas, Mr. Engstrom's

claims against Sheriff Holladay in his official capacity are, in effect, claims against Pulaski County.  *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010).

Under settled law, a county is liable for the acts of its employee only when the employee is carrying out a county policy or custom.  *Id.*; *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009).  Because Mr. Engstrom did not allege that he was injured as the result of any Pulaski County policy or custom, his claims against Sheriff Holladay, as stated in his original complaint, could not move forward.  The Court gave Mr. Engstrom thirty days to amend his complaint to name as defendants those individuals who violated his rights and injured him.

On May 27, 2015, Mr. Engstrom filed an amended complaint.  (#6)  In his amended complaint, Mr. Engstrom identified three other individuals as Defendants and explained that he wanted to sue all Defendants in both their official and individual capacities.  He failed to explain, however, how any of the Defendants violated his rights and caused him injury.

As a result, the Court allowed Mr. Engstrom an additional thirty days to amend his complaint.  Mr. Engstrom was specifically cautioned that his failure to comply with the Court's Order could result in the dismissal of his claims.  (#7)  To date, Mr. Engstrom has not complied with the Court's May 28, 2015 Order, and the time for doing so has passed.

### III.     Conclusion

The Court recommends that Mr. Engstrom's claims be DISMISSED, without prejudice, based on his failure to comply with the Court's May 28, 2015 Order.  See Local Rule 5.5.

DATED, this 30th day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE